UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JAMES BROWN,**
**INSTITUTIONAL ID NO. 25641-509,**

 Petitioner,

v.               No. 4:23-cv-0225-P

**WARDEN, FMC FORT WORTH,**

 Respondent.

## ORDER

In this 28 U.S.C. § 2241 habeas action, Petitioner James Brown, a federal prisoner proceeding pro se, challenges the execution of his federal sentence. Specifically, Brown alleges that the Federal Bureau of Prisons ("BOP"), in calculating his release date, unlawfully refused to apply time credits that he earned under the First Step Act of 2018 ("FSA"). *See* ECF No. 1. He seeks to have the BOP recalculate his release date to account for his earned FSA time credits. *Id.*

Respondent answers that the Court should dismiss Brown's petition because he failed to exhaust his administrative remedies, which is required before seeking federal habeas relief. *See* ECF No. 8, 9; *see also United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). The deadline for Brown to file a reply has lapsed. To date, Brown has not done so or otherwise attempted to refute Respondent's factual or legal contentions.

The Court has carefully reviewed Brown's petition, Respondent's answer, all relevant records, and the applicable law. For the reasons stated in Respondent's answer, the Court concludes that Brown failed to properly exhaust his BOP administrative remedies with respect to the claims that he raises here.

Brown's § 2241 habeas petition is, therefore, **DISMISSED** without prejudice for lack of exhaustion. If he desires, Brown my refile his

petition *after* he has properly exhausted his administrative remedies. However, should Brown choose to do so, the Court expresses no opinion on the underlying merits of his claims.

In addition, the Court concludes that Brown has failed to show that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling. Therefore, to the extent that one is necessary, the Court **DENIES** a certificate of appealability. *See* FED. R. APP. P. 22(b)(1); 28 U.S.C. § 2253(c); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED** on this **10th day** of **May 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2